## HOLBERT v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. May 5, 1926.)

No. 4538.

**1. Conspiracy ⬤⟳48.**

Evidence *held* for jury in prosecution for conspiracy to violate National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.).

**2. Criminal law ⬤⟳1159(2)—It is not province of Circuit Court of Appeals to determine whether proof preponderates against or in favor of conviction, nor can it consider whether evidence sustains verdict.**

It is not province of Circuit Court of Appeals to determine whether proof preponderates against or in favor of conviction, and contention that verdict is not sustained by evidence cannot be considered, where there was a question for the jury.

**3. Criminal law ⬤⟳1156(2).**

Ruling on motion for new trial on ground that evidence does not sustain verdict is not reviewable.

In Error to the District Court of the United States for the Eastern District of Tennessee; Xenophon Hicks, Judge.

George Holbert was convicted of conspiracy to violate the National Prohibition Act, and he brings error. Affirmed.

John Jennings, Jr., of Knoxville, Tenn. (John Jennings, Jr., of Knoxville, Tenn., on the brief), for plaintiff in error.

Wilbur W. Piper, Asst. U. S. Atty., of Knoxville, Tenn.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

PER CURIAM. George Holbert and W. L. Moore were convicted in the District Court of Tennessee of conspiracy to violate the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). Moore has since died. Holbert prosecutes this proceeding in error.

[1] Defendants were arrested on April 22, 1925, about a mile from Harrison's Ferry, which crosses the French Broad river, that divides Knox and Jefferson counties. They were riding in a Hudson automobile that contained 84 gallons of whisky. Preceding it along the road was Carl Wallace in a Ford automobile. Moore was a constable of Jefferson county; Holbert's occupation was not shown. They were habitués of the Old Hickory Pressing Club in Knoxville. The two automobiles belonged to them, or to other frequenters of that place. Holbert did not testify. Moore accounted for his possession of the whisky by saying that he was informed by Holbert that a load of whisky would be brought across the river into Knoxville that night, and he wanted to arrest the man who was expected to bring it. He asked some other officers to watch one of the roads over which it might be brought, and employed Holbert and Wallace to go with him to Harrison's Ferry. Shortly after his arrival at the ferry, after dark, a Ford automobile approached from the other side and signaled the ferryman, who responded and brought it over, but just as the boat landed the driver of the Ford jumped from the car and ran away. He took possession of the car and its contents for the purpose of turning them over to the sheriff of the county, and it was necessary, because of the weak engine of the Ford, to transfer the whisky to the Hudson car to take it up the hill.

It appeared in the proof that the Ford automobile belonged to C. R. Luster, who was employed at the Old Hickory Pressing Club, and further that Moore, in contradiction of his testimony, was seen in the Hudson car on the other side of the river about 4:30 or 5 in the afternoon. Witnesses for the government testified to observing the tracks of two automobiles similar to those that a Hudson and Ford would make on that side of the river, and also on the ferryboat. There was evidence discrediting the claims that some one alighted from the Ford and ran up the river, and that the Hudson was turned at the ferry landing. The whisky was as carefully concealed in the Hudson as was possible. On this evidence the question of defendants' guilt was for the jury.

[2, 3] It is not the province of this court to determine whether the proof preponderates against or in favor of the conviction, and accordingly the contention that the verdict of the jury is not sustained by the evidence cannot be considered. Nor can we consider the court's ruling on the motion for a new trial based on that ground.

The judgment is affirmed.